MARSHALL & SPENCER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4574.   Promulgated June 21, 1927.

The salaries paid to its principal officers by the petitioner in 1921 held to be reasonable in amount and deductible from gross income.

*A. D. McNeill, Esq.,* and *Walter Mucklow, C. P. A.,* for the petitioner.
*Joseph B. Harlacher, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1921 in the amount of $4,525.96, arising in part from the disallowance of a deduction from gross income of $9,600, representing a portion of the salaries paid to the petitioner's principal officers in 1921.

FINDINGS OF FACT.

The petitioner is a Florida corporation with offices in Jacksonville, and is engaged in the buying and selling of building materials. It

has a capital stock of $25,000, divided into 250 shares of the par value of $100 each. During the year 1921, 122 shares stood in the name of Edward S. Spencer, the president and treasurer of the corporation; 3 shares in the name of L. E. Spencer; and 125 shares in the name of S. A. Marshall. The corporation has been in business since 1911. During the first few years of its existence, the active officers drew only nominal salaries in an effort to build up a surplus. The surplus at December 31, 1919, was approximately $28,000, and for the year 1920 the executive salaries were fixed at $7,200 for E. S. Spencer and a like amount for S. A. Marshall. These officers were engaged in no other business during the taxable year; devoted their entire time to the business of the petitioner; did all the buying and selling; and supervised all of the business and much of the detail thereof. The corporation had a profitable year in 1920 and reported a net income of $15,448.83 in its income-tax return for the year. In January, 1921, the board of directors voted to increase the salary of each active officer from $7,200 per annum to $12,000 per annum, and during the year 1921, $1,000 was either paid or credited monthly upon the books of account of the petitioner to each of its principal officers. Each officer was privileged to draw the entire amount of his salary as credited and during the most of the time the entire amount of the credit was exhausted by withdrawals. The corporation never paid any dividends upon its shares of stock. Its net income for 1921, after the deduction of $24,000 salaries for its principal officers, was $6,223.47:

Of the $24,000 deducted for salaries of its officers, the Commissioner disallowed the deduction of $9,600 and the deficiency is occasioned in a large measure by such disallowance.

### OPINION.

SMITH: The only question presented by this proceeding is whether the $24,000 which was charged as salaries on the petitioner's books of account and paid to its principal officers during the year 1921 is deductible from gross income in its income-tax return. The respondent has disallowed the deduction of $9,600 of the amount taken as a deduction and has allowed the deduction of only the same amount as was shown as a deduction from gross income in the income-tax return for 1920.

At the hearing of this proceeding, several prominent business men of Jacksonville testified as to the reasonableness of the salaries paid to Spencer and Marshall. Although the payment of large salaries to the principal officers of a corporation, who own substantialy all the stock of the corporation, invites scrutiny to determine whether they are simply a distribution of profits to shareholders, we are of the

opinion that in the instant case the amounts paid represent only reasonable compensation and that the $24,000 paid by the corporation for the salaries of its principal officers is deductible from gross income of 1921.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*